UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

AYLEE NIELSEN,

      Plaintiff,

v.

CARNIVAL CRUISE LINES, and
CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,
a Panama Corporation,

      Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, **AYLEE NIELSEN**, by and through her undersigned attorney, and hereby files her Complaint against Defendants, **CARNIVAL CRUISE LINES** and **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC.**, and states:

    1.    This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

    2.    Plaintiff, at all material times, was a resident of Manatee County, Florida.

    3.    At all times material hereto, Defendants (hereinafter referred to as "**CARNIVAL**") were Panama corporations licensed to conduct business in the State of Florida, and did conduct business in Florida as CARNIVAL CRUISE LINES, providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the MS CARNIVAL PARADISE.

    4.    Jurisdiction is proper in this Court under 28 U.S.C. 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of

admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5. Venue is proper in the Southern District of Florida in that Defendants' principal place of business is in Miami, Florida, and this action is governed by a forum selection clause which provides that all suits will be brought in federal court in Miami, Florida.

6. Defendants have agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by the Defendants to Plaintiff. A copy of said cruise ticket is in the possession of CARNIVAL.

7 On or about February 15, 2015, the Plaintiff, AYLEE NIELSEN, was injured aboard the Defendants' vessel during a cruise which originated in, and returned to, Tampa, Florida.

8. At that time and place, Defendants had a duty to paying passengers, including the Plaintiff, AYLEE NIELSEN, to maintain their premises in a reasonably safe manner under the circumstances, including keeping their sauna maintained and free of any conditions that would present a hazard and risk of injury not reasonably known to its passengers, but which Defendants knew or should have known existed in the exercise of reasonable care; Defendants' second duty to its passengers and the Plaintiff was to warn of dangerous conditions which CARNIVAL knew or should have known in the exercise of reasonable caution.

9. On or about February 15, 2015, Defendants breached both its duties to the Plaintiff, AYLEE NIELSEN, by failing to use reasonable care under the circumstances in negligently failing to inspect and maintain their sauna. The Plaintiff entered the sauna where there were three benches/steps; when the Plaintiff got up to exit the top bench/step she stepped down on the middle bench/step which tilted forward and caused the Plaintiff's feet to go out from under her. As a result the Plaintiff fell and struck her low back on the middle bench and

struck her head on the top bench.

10. After the event the Plaintiff crawled to the emergency button near the door; the Plaintiff from the floor continuously pushed the emergency button for 5 minutes; however, no one ever from the Defendants came to assist the Plaintiff.

11. The Plaintiff eventually was able to pull herself up and painfully make her way through the locker room to the front desk of the spa. At that time two spa employees came to assist the Plaintiff when they saw her and the Plaintiff explained what had happened.

12. One of the employees called for a wheelchair for the Plaintiff.

13. The other employee went to the sauna and confirmed and stated that the middle bench was broken and "completely detached".

14. One of the spa employees took the Plaintiff to the medical office on board the ship and the Plaintiff advised the nurse of the incident.

15. The Plaintiff was returned to her cabin.

16. Defendant's personnel advised that the Plaintiff would need to return to the medical center and complete an incident report.

17. Defendant's personnel also requested the Plaintiff to show their employee where the incident occurred.

18. On arrival at the scene the Plaintiff was surprised to see that no warning sign was put in place but that the bench in the sauna had been placed back in the same position as when the incident occurred.

19. Upon returning home the Plaintiff underwent a CT Scan, X-Ray, and MRI which confirmed and documented her injuries.

20. The Defendants gave no warning directly or indirectly to the Plaintiff of that dangerous condition of the sauna before the Plaintiff fell while simply exiting the steps.

21. As a proximate result of Defendants' negligent failure to maintain the sauna and its benches/steps, and failure to warn the Plaintiff of the dangerous condition, on or about February 15, 2015, Plaintiff, AYLEE NIELSEN, severely injured her body.

22. The aforementioned negligence of the Defendants created a hazardous condition to its passengers and to the Plaintiff, and was known to the Defendants or had existed for a sufficient length of time so that Defendants should have known of it, or that such falls occur with such frequency on the Defendants' sauna benches/stairs, and upon other similar stairs of Carnival vessels similarly situated, so as to provide prior notice to Carnival.

23. As a direct and proximate result of Defendants' negligence and Plaintiff's fall, Plaintiff, AYLEE NIELSEN, suffered physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn in the future, and medical expenses. Said losses are either permanent or continuing in nature, and Plaintiff will suffer these in the future.

**WHEREFORE**, Plaintiff, AYLEE NIELSEN, demands judgment for the stated damages, interest and costs against Defendants, CARNIVAL CRUISE LINES and CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC, a trial by jury, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this 8th day of February, 2016.

Frank D. Butler, Esquire
FBN: 940585
Frank D. Butler, P.A.
10550 U.S. Hwy. 19 North
Pinellas Park, FL  33782
Tel: (727)399-2222
Fax: (727)399-2202
fdblawfirm@aol.com
Counsel for Plaintiff